DAVID E. BRESSLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; DARRELL E. WEINGARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bressler v. Commissioner
Docket Nos. 15386-84, 18397-84.
United States Tax Court
T.C. Memo 1986-4; 1986 Tax Ct. Memo LEXIS 603; 51 T.C.M. (CCH) 233; T.C.M. (RIA) 86004; January 6, 1986. David E. Bressler, pro se. Darrell E. Weingard, pro se. Rosabel I. Seigan, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: These consolidated cases are before the Court on respondent's motions to dismiss for failure of petitioners properly to prosecute and for damages pursuant to section 6673. [1]
Respondent determined the following deficiencies in and additions to petitioners' Federal income tax: Additions to Tax
Sec. 6653(a)
Year
Deficiency
Sec. 6651(a)
or (a)(1)
Sec. 6653(a)(2)
Sec. 6654(a)
Petitioner David E. Bressler
1979
$6,938
$1,735
$372
$283
1980
8,164
2,041
408
520
1981
9,010
2,253
451
To Be Computed
692
on an
underpayment
of $9,010
Petitioner Darrell E. Weingard
1979
2,108
527
105
88
1980
2,255
564
113
144
1981
2,163
541
108
To Be Computed
166
on an
underpayment
of $2,163
*604 The foregoing deficiencies and additions to tax were based in large part upon respondent's determination that each petitioner had failed to report his distributive share of income from a partnership, BDW Agency. Each petitioner was a resident of Illinois when he filed his petition herein. [2]
Petitioner Bressler filed his petition in docket No. 15386-84 on May 24, 1984 and respondent filed his answer on July 20, 1984. Although respondent had not raised in his answer any matters as to which he bore the burden of proof, on September 10, 1984, petitioner Bressler filed a "Motion for More Definite Statement" asking that respondent be ordered to provide a more definite statement concerning those matters in his answer as to "which the Commissioner does have the burden of proof." He also filed a "Motion for Jury Trial of Twelve Veniremen" seeking a jury trial. The Court denied these motions on September 14, 1984. Petitioner Weingard filed his petition in *605 docket No. 18397-84 on June 12, 1984 and respondent filed his answer on August 13, 1984. On October 9, 1984, petitioner Weingard filed a "Motion for More Definite Statement" and a "Motion for Jury Trial of Twelve Veniremen", substantially identical to those filed by petitioner Bressler in docket No. 15386-84. Concurrently therewith, he also filed a "Request for Grant of Immunity" seeking immunity "against the use in any later criminal prosecution, of any financial information he produces as evidence at tax court for any purpose other than to establish a tax liability." The Court denied each of these motions on October 16, 1984. By means of a Notice Setting Case for Trial, served upon them on January 25, 1984, petitioners were informed that these cases were calendared for trial at the trial session of this Court commencing April 23, 1985 in Chicago, Ill.
In early April 1985, the Court informed each petitioner by letter of the necessity of complying with its Rules, particularly with Rule 91(a), which requires that the parties stipulate all matters as to which agreement can or fairly should be reached. The Court enclosed copies of Rule 91 with its letters. On April 16, 1985, counsel *606 for respondent forwarded to petitioners a proposed stipulation of facts which, inter alia, allowed deductions to petitioners for certain expenses of BDW Agency which had not previously been allowed in the notices of deficiency. On April 10, 1985 and April 11, 1985, respectively, less than two weeks prior to the commencement of the trial session, each petitioner filed a motion for continuance. [3] Respondent thereafter filed his objections to these motions, and a hearing thereon was calendared for the commencement of the April 23, 1985 trial session. When these cases were called on April 23, 1985, petitioners and counsel for respondent appeared. At such time, it became apparent that petitioners had failed to cooperate in the preparation of a stipulation of facts as required by Rule 91(a). Petitioners' motions for continuance were denied. The Court *607 directed petitioners to meet with counsel for respondent concerning the proposed stipulation of facts and indicated that these cases would be recalled on April 25, 1985. On the afternoon of April 23, 1985 and again on April 24, 1985, petitioners met with counsel for respondent. At these meetings, petitioners produced certain documents and a draft stipulation of facts was prepared. The parties agreed that the stipulation would thereafter be signed in its final form. However, on the morning of April 25, 1985, petitioners informed counsel for respondent that they would not sign the stipulation. On April 25, 1985, these cases were recalled subsequent to an in-chambers conference among the Court, petitioners and counsel for respondent. Petitioners persisted in their refusal to sign the stipulation of facts although they could not identify any errors or inaccuracies therein. Petitioners then asserted that they were in possession of certain business check registers which they claimed would show additional deductible expenses. They assured the Court that these business check registers were complete records of relevant transactions. The Court then recessed and advised the parties *608 to meet once again concerning the stipulation of facts and petitioners' check registers. In doing so, the Court warned petitioners that it expected them to conduct these proceedings in compliance with its Rules in an orderly and proper manner. On the afternoon of April 25, 1985, a further conference was held in chambers, after which these cases were again recalled. At such time, it became evident that the "check registers" which petitioners presented were far from complete records. Petitioners again refused to sign the proposed stipulation of facts. Respondent thereafter moved to dismiss these cases for failure of petitioners properly to prosecute and for the award of damages under section 6673. A hearing was held with respect to respondent's motions on April 30, 1985. At that time, respondent submitted a computation of the deficiencies and additions to tax herein in a reduced amount, giving effect to the items agreed to by respondent as set forth in the proposed stipulation of facts. First, we consider respondent's motions to dismiss. Rule 123(b) provides as follows: Rule 123(b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or *609 any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. In light of petitioners' conduct in this proceeding, particularly their persistent and unjustified refusal to stipulate as required by Rule 91(a), we conclude that dismissal is appropriate. Accordingly, respondent's motions to dismiss will be granted. A decision against petitioners will therefore be entered in the reduced amount as computed by respondent in the motions to dismiss. Respondent has also moved for damages under section 6673. Under that section, as applicable herein, the Court may award damages to the United States of up to $5,000 when the proceeding has been instituted or maintained by the taxpayer primarily for delay or if the taxpayer's position in such proceeding is frivolous or groundless. It is evident from the record that petitioners maintained these proceedings primarily for delay. Shortly *610 after the commencement of these cases, petitioners filed documents, such as their motions for more definite statement and for jury trial, strikingly similar to those which we have been many times in frivolous tax-protestor cases. [4] Despite their awareness in January 1985 that trial of these cases was scheduled for the April 23, 1985 trial session, petitioners filed motions for continuance less than two weeks prior to trial. We considered these to be dilatory and, accordingly, denied such motions. Prior to the trial session at which these cases were calendared, the Court notified petitioners of their duty to comply with its Rules, particularly Rule 91(a) relating to the stipulation of facts. When this case was first called on April 23, 1985, and it became apparent that petitioners had not heeded the Court's admonition concerning Rule 91(a), the Court again emphasized to petitioners the necessity of complying with the requirements of such Rule. Despite ample opportunity afforded them by the Court to do so, petitioners refused to comply *611 with Rule 91(a) even though they could not identify any errors or inaccuracies in the proposed stipulation of facts. After recalling the cases on April 25, 1985, this Court again recessed these proceedings so that petitioners could have the opportunity to produce their "business check register" and to meet with respondent's counsel concerning the proposed stipulation of facts. When the cases were again recalled on April 25, 1985 it became evident that, contrary to their representations, petitioners' business check register was not a complete record of transactions. Petitioners again persisted in their unjustified refusal to sign the stipulation of facts. Petitioners are intelligent, college-educated individuals. In view of their conduct and attitude of noncooperation herein we are convinced that they maintained these proceedings, not in a good faith effort to resolve a legitimate dispute with respondent but, rather, primarily to delay the payment of their Federal income tax liabilities. Accordingly, we award damages in the amount of $5,000 against each petitioner, i.e. $5,000 in docket No. 15386-84 and $5,000 in docket No. 18397-84. To reflect the foregoing, Appropriate *612 orders and decisions will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner David E. Bressler resided in Cherry Valley, Ill., when he filed the petition in docket No. 15386-84. Petitioner Darrell E. Weingard resided in Rockford, Ill., when he filed the petition in docket No. 18397-84.↩
3. Rule 134 provides, in part, that a motion for continuance, filed 30 days or less prior to the date to which it is directed, may be set for hearing on that date, but ordinarily will be deemed dilatory and will be denied unless the ground therefor arose during that period or there was good reason for not making the motion sooner.↩
4. Petitioner Weingard also filed a "Request for Grant of Immunity," also similar to those often filed in cases involving tax protestors.↩